UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BRITTANY CAMPION,

          Plaintiff,

              - against -

CRAFT BEER GUILD DISTRIBUTING OF
NEW YORK, LLC and KIMBERLY REJNIAK,

          Defendants.

-------------------------------------------------------------------x

No. __-CV-____

ECF Case

**COMPLAINT
AND JURY DEMAND**

Plaintiff Brittany Campion, by her attorneys, Bantle & Levy LLP, as and for her

complaint against Defendants Craft Beer Guild Distributing of New York LLC and Kimberly

Rejniak alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for pregnancy and sex discrimination in violation of Title VII of

the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42

U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1) (the "PDA"), and sex discrimination in violation of the

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. (the "NYSHRL").  Plaintiff

seeks declaratory and injunctive relief and damages.

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000 *et seq.*, as

amended, and 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

3.      This Court has supplemental jurisdiction over Plaintiff's NYSHRL claims

pursuant to 28 U.S.C. § 1367(a).

4.      Venue is properly lodged in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful acts and discriminatory practices alleged herein were committed within the district of the United States District Court for the Southern District of New York.

5.      All conditions precedent to jurisdiction under the PDA, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

    a.  On or about May 26, 2021, Campion filed a written Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

    b.  In her Charge of Discrimination, which was filed within 300 days of the adverse actions of which she complains in this action, Campion alleged that Craft Beer discriminated against her on the basis of her pregnancy and sex.

    c.  On or about June 22, 2022, a Right to Sue notification was issued by the EEOC to Campion.

    d.  This Complaint has been filed within 90 days of Campion's receipt of the EEOC's Right to Sue notification.

## **PARTIES**

6.      Plaintiff Brittany Campion is a citizen of the State of New York and currently resides in Yorktown Heights, New York.

7.      Upon information and belief, Defendant Craft Beer Guild Distributing of New York LLC ("Craft" or the "Company") is a domestic limited liability company with offices at 12 South Putt Corners Road, New Paltz, New York 12561.

8.      Upon information and belief, Craft is a wholesaler of alcoholic and non-alcoholic beverages.

9.      At all times relevant herein, Craft is and was an employer engaged in industry affecting commerce within the meaning of the PDA, 42 U.S.C. § 2000e(b), and an employer within the meaning of the NYSHRL, N.Y. Exec. L. § 296(5).

10.      Upon information and belief, Defendant Kimberly Rejniak is a citizen of the State of New York and currently resides in Milton, New York.

11.      Rejniak is a person within the meaning of the NYSHRL, N.Y. Exec. L. § 296(1).

## STATEMENT OF FACTS

<u>Campion Comes to Be Employed by Craft</u>

12.      Campion first came to be employed by Craft in or about February 2020 as a Sales Representative.

13.      At all times relevant herein, the essential job functions of a Craft Sales Representative were, *inter alia*, to develop and maintain effective customer relations with customer accounts; to assess the inventory of customer accounts; to oversee the sale, distribution and placement of Craft products; to process new orders via the Company's electronic ordering technology; and, as necessary, to make collections.

14.      At all times relevant herein, a Craft Sales Representative was not responsible for the delivery of Craft's products to Craft's customer accounts; rather, truck drivers/deliverymen were responsible for physically delivering Craft's products to its customers.

15.       Effective as of the commencement of her employment with Craft, Campion was assigned to service a route that included servicing approximately one hundred twenty (120) customer accounts in Westchester and Putnam Counties ("Campion's Original Route").

16.      The customer accounts on Campion's Original Route included both bars and restaurants where alcohol is consumed on-premises ("on-premises" accounts) and grocery stores,

convenience stores and gas stations where alcohol is not consumed on-premises ("off-premises" accounts).

17.     Although Campion's Original Route involved servicing both on-premises and off-premises accounts, only two of her accounts required her to "pack out" Craft's products by physically placing the Company's products on the customer's shelves.

18.     The servicing of these two customers (which were both grocery stores) required Campion to physically lift approximately 15 to 20 cases of beer per week.

19.     None of the customer accounts on Campion's Original Route required her to handle the quarter-barrel or half-barrel products offered by Craft.

20.     Virtually from the inception of her employment, Campion excelled in the performance of her duties as a Sales Representative.

21.     As a result of her strong performance, Campion consistently received positive feedback on her performance from members of Craft's management, including her direct supervisor, Jason Weiss.

Campion is Terminated by Craft as Part
<u>Of a Covid-19-Induced Reduction in Force</u>

22.     Commencing in or about mid-March 2020, the spread of the Covid-19 virus caused many bars and restaurants that were customer accounts of Craft to suspend business operations.

23.     Upon information and belief, the closure of these bars and restaurants had a materially adverse impact on Craft's business operations.

24.     As a result of the closure of these bars and restaurants, Craft instituted a significant reduction in the Company's workforce in or about May 2020.

25.     Despite her strong performance, Campion was terminated by Craft effective on or about May 26, 2020 as part of the Company's Covid-19-precipitated workforce reduction.

Campion is Offered, and Accepts, Reemployment with Craft

26.     In or about September 2020, Campion was contacted by Craft employee Dave Reeck regarding the opportunity for reemployment with Craft.

27.     Reeck explained to Campion that many restaurants and bars serviced by Craft were reopening and offering outdoor dining alternatives, and that this had created a need for Craft to bring back sales personnel.

28.     Reeck advised Campion that the Company had thought highly of her and her job performance during her prior employment with Craft and was interested in rehiring her to resume her former responsibilities as a Sales Representative with the Company.

29.     Because she had enjoyed working as a Sales Representative for Craft and felt more than capable of resuming her prior duties, Campion told Reeck that she was very interested in reemployment with the Company.

30.     In these discussions, Reeck advised Campion that the terms and conditions of her reemployment at Craft would be the same as when she was previously employed with the Company, including without limitation, that she would be working a full-time, Monday through Friday schedule servicing customer accounts in Westchester and Putnam Counties.

31.     After limited further discussion with Campion, Reeck formally offered Campion reemployment with Craft as a Sales Representative via a text message sent on September 9, 2020.

32.     On that same day, Craft provided Campion a written offer of reemployment, dated September 9, 2020.

33.     Reeck advised Campion that Craft's offer of reemployment was premised on two conditions – her successful completion of a pre-employment drug screening and the acceptable completion of a criminal background check.

34.     Campion accepted Craft's offer of reemployment on September 9, 2020 pursuant to the terms communicated to her by Reeck.

35.     At the time Campion accepted Craft's offer of reemployment, Campion reasonably and appropriately understand Craft to be offering her to resume servicing Campion's Original Route.

36.     At the time Campion accepted Craft's offer of reemployment, no one at Craft had suggested to her that she was being offered a position that required her to service a route other than Campion's Original Route or that the physical demands of the job would be different from the physical demands previously required to service Campion's Original Route.

<u>Campion Advises Craft She is Pregnant</u>

37.     On or about September 15, 2020, Campion met Reeck at a CVS in Yorktown, New York at which he provided her the paperwork for completion of the drug screening and background check.

38.     During that meeting with Reeck, Campion advised Reeck that she was twelve (12) weeks pregnant and that, based on her knowledge of the position (which she had previously held and succeeded in), her pregnancy would not prevent her from fully performing her duties as a Sales Representative.

39.     Reeck confirmed that Campion's pregnancy would "not be a problem" for the Company or otherwise impact her ability to fully perform her duties.

40.     Reeck also expressed what appeared to be heartfelt congratulations about Campion's pregnancy, calling the news "amazing."

41.     At no time during that conversation, nor in any prior written or oral communications, did Reeck advise Campion that she would be required to perform a more physically demanding role than she previously had performed for the Company or that her reemployment with the Company would involve servicing a route other than Campion's Original Route.

Craft Rescinds Its Offer of Reemployment After Learning Campion is Pregnant

42.     On or about September 16, 2020, the day after Campion disclosed her pregnancy to Reeck, Craft's General Manager, Defendant Kimberly Rejniak, contacted Campion and notified her that she would need to have a "functional evaluation" measuring her ability to perform her duties as a Sales Representative.

43.     Craft's imposition of this new condition precedent to Campion commencing reemployment at Craft was inconsistent with the terms of the offer Reeck previously made to her, which only required her to complete a drug screening and be subject to a criminal background check before recommencing employment at Craft.

44.     In addition to demanding that Campion complete a "functional evaluation," Rejniak further advised Campion that the Company sought assurances from "her doctor" that she had no restrictions related to performing her job duties at Craft.

45.     Both of these new requirements to assuming her job functions at Craft were only introduced by Craft after Campion had accepted Craft's offer of reemployment and advised Reeck that she was pregnant.

46.     Prior to making these requests of Campion, Rejniak had not previously had any direct communications with Campion as part of Craft's recruitment efforts or offer of reemployment.

47.     In light of the new demands being made on her by Rejniak, Campion shared the fitness test parameters provided to her by Craft with her OBGYN.

48.     Campion's OBGYN advised her that the only limitation on her physical activity was that she should avoid lifting anything weighing more than twenty-five (25) pounds but that the other physical requirements presented to her by Craft were not problematic.

49.     Campion's pregnancy-related physical restriction constitutes a temporary disability for which she was entitled to a reasonable accommodation from Craft.

50.     Because Campion was aware that servicing Campion's Original Route required only sporadic lifting of more than twenty-five (25) pounds, she was confident that her OBGYN's advice would fully satisfy Craft and that she could promptly recommence employment with the Company.

51.     On September 17, 2020, believing that it would fully satisfy Craft. Campion advised Rejniak of her doctor's advice.

52.     On September 18, 2020, however, Rejniak conducted a telephone call with Campion purportedly for the purpose of discussing Campion's doctor's advice.

53.     During that telephone call, Campion told Rejniak that, based on her prior successful performance as a Sales Representative with the Company and knowledge of that role, she was certain she could fully perform her job functions notwithstanding her doctor's limited restriction.

54.     Campion noted that only two of the approximately one hundred twenty customer accounts on Campion's Original Route, both grocery store chains in Westchester County, required her to lift more than twenty-five pounds.

55.     As to those two customer accounts, Campion proposed two reasonable accommodations to address her pregnancy-based restriction: (1) that, during her pregnancy, Craft could temporarily reassign those two customer accounts to the person(s) servicing the vast majority of grocery store chains in Westchester County; or, if that was not workable for the Company, (2) Campion could break down into smaller units the small number of cases weighing in excess of twenty-five pounds that needed to be "packed out" at these two stores and, thereby, complete delivery without violating her doctor's limitations or substantially interrupting her completion of her route.

56.     Rejniak did not contest the accuracy of Campion's description of her job responsibilities or otherwise substantively respond to Campion's proposed accommodations. Instead, she merely advised Campion that Craft would take her proposed accommodations under advisement.

57.     On September 21, 2020, Rejniak contacted Campion and told her that Craft had decided that it would not permit Campion to recommence employment with the Company based on the Company's purported determination that Campion could not effectively service her route given her pregnancy-related physical limitations and because her proposed accommodations were deemed impracticable by the Company.

58.     Rejniak purported to explain the Company's decision by claiming that Craft had not offered Campion a job servicing Campion's Original Route, but, rather, had intended to

assign Campion to a different (albeit unspecified) route that required servicing significantly more grocery store chains (and therefore more heavy deliveries) than her old route.

59.     On this basis, Rejniak advised Campion that the physical demands of the route Campion was to assume were significantly greater than her prior route and rendered Campion's proposed accommodations unworkable given the volume of heavier cases she would be required to pack out.

60.     Prior to Rejniak's claim on September 21, 2020 that Craft had offered Campion a different route than Campion's Original Route, no one at Craft had previously stated or suggested, either orally or in writing, that Craft's offer of reemployment was for a position other than the one that she had previously held or that she would be servicing different customer accounts than on Campion's Original Route.

61.     Upon information and belief, Rejniak's claim that Campion was being rehired to service a more demanding route than Campion's Original Route was a pretext employed by Craft to justify rescinding Campion's reemployment.

62.     Upon information and belief, at the time Rejniak claimed that Campion was not being rehired by Craft to resume Campion's Original Route, Rejniak knew full-well that Craft had offered Campion the opportunity to resume Campion's Original Route and only told Campion that Craft intended her to work a more physically demanding route because the Company did not want to hire a pregnant woman or to provide a pregnant woman reasonable accommodations for limitations imposed by her pregnancy.

63.     Upon information and belief, at the time it advised Campion that the Company would not proceed with her reemployment, Craft had available less physically demanding routes that Campion could have serviced.

64.     Upon information and belief, after learning she was pregnant, Craft was unwilling to employ Campion to service her old route, or another route of similar physical demands, because the Company did not want to hire a pregnant woman or have to provide a pregnant woman a reasonable accommodation based on physical restrictions imposed by her pregnancy.

65.     Upon information and belief, Craft refused to grant Campion either of the accommodations she requested in connection with her reemployment because the Company did not want to hire a pregnant woman or provide a pregnant woman a reasonable accommodation for limitations imposed by her pregnancy.

66.     As a consequence of its decision not to permit Campion to recommence employment, Craft and Rejniak discriminated against Campion in the terms and conditions of employment based on her pregnancy and related disabling condition, including, denying her the opportunity for reemployment, recognition, increased compensation and other benefits and perquisites of employment at Craft.

67.     As a result of Craft and Rejniak's discriminatory conduct, including their decisions to not to proceed with Campion's reemployment and related refusal to grant her a reasonable accommodation, Campion suffered a loss of income, professional stature, benefits and other perquisites of employment.

68.     As a result of Craft and Rejniak's discriminatory conduct, Campion has sustained serious pain and suffering, and severe mental and emotional harm and distress.

69.     The aforesaid acts and conduct by Craft, its agents and employees, and Rejniak, were performed willfully, intentionally, maliciously and with reckless indifference to Campion's protected rights.

## FIRST CAUSE OF ACTION
### *Discrimination on the Basis of Pregnancy In Violation of the PDA Against Craft*

70.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 69 inclusive as if fully set forth herein.

71.     As a result of its aforesaid acts, including refusing to proceed with Campion's reemployment and failing to provide Campion a reasonable accommodation of her pregnancy-related disabling condition, Defendant Craft discriminated against Plaintiff on account of her pregnancy in violation of the PDA.

72.     As a result of Defendant's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, termination, deprivation of income and benefits, loss of stock options and other perquisites of employment, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

## SECOND CAUSE OF ACTION
### *Discrimination on the Basis of Pregnancy In Violation of the NYSHRL Against Craft*

73.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 72 inclusive as if fully set forth herein.

74.     As a result of its aforesaid acts, including refusing to proceed with Campion's reemployment and failing to provide Campion a reasonable accommodation of her pregnancy-related disabling condition, Defendant Craft discriminated against Plaintiff on account of sex in violation of the NYSHRL.

75.     As a result of Defendant's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, termination, deprivation of income and benefits, loss of stock options and other perquisites of employment, loss of employment opportunities, emotional

pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

### THIRD CAUSE OF ACTION
*Aiding and Abetting Discrimination in Violation of the NYSHRL Against Rejniak*

76.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 75 inclusive as if fully set forth herein.

77.    As a result of her aforesaid acts, Defendant Rejniak has aided, abetted, incited, compelled and coerced acts forbidden under the NYSHRL, N.Y. Exec. Law §296(6). Specifically, Rejniak has aided, abetted, incited, compelled and/or coerced discrimination against Campion on account of her sex in violation of the NYSHRL.

78.    As a result of Defendant Rejniak's discriminatory and adverse acts, Plaintiff suffered damage, including without limitation, termination, deprivation of income and benefits, loss of stock options and other perquisites of employment, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and damage to reputation and career.

### JURY DEMAND

Plaintiff hereby demands trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(1)    A declaratory judgment that the acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*

(2)     An injunction restraining and enjoining defendant from engaging in further discriminatory acts;

(3)     Reinstatement to the highest position to which Plaintiff was and would be entitled and/or front pay;

(4)     Actual damages in the form of (a) back-pay with interest based on Plaintiff's lost income had she not been demoted and constructively discharged; (b) reimbursement for health benefits, social security, experience, training opportunities, and other benefits; in an amount to be shown at trial; (c) interest on these amounts calculated at the prevailing rate;

(5)     Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, humiliation, and loss of reputation in an amount not less than $500,000;

(6)     Punitive damages in an amount not less than $1,000,000;

(7)     Attorneys' fees;

(8)     Costs and disbursements;

(9)     Interest; and

(10)    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 14, 2022

BANTLE & LEVY LLP

By: _____
       Robert L. Levy
99 Park Avenue, Suite 1510
New York, NY 10016
(212) 228-9666
*Attorneys for Plaintiff Brittany Campion*